UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUNKIN' DONUTS FRANCHISING LLC, et al., | ) ) ) |
| Plaintiffs / Counterclaim Defendants, | ) ) |
| vs. | ) ) ) |
| SAI FOOD & HOISPITALITY, LLC, et al., | ) ) |
| Defendants / Counterclaim Plaintiffs, | ) ) ) |
| vs. | ) ) |
| DUNKIN' DONUTS FRANCHISING LLC, et al., | ) ) ) |
| Counterclaim Defendants. | ) |

Case No. 4:11CV01484 AGF

**MEMORANDUM AND ORDER**

  This case is before the Court on the motions of Plaintiffs / Counterclaim Defendants (1) to strike Defendants /Counterclaim Plaintiffs' requests for a jury trial on the Counterclaim and punitive damages; and (2) to strike Defendants / Counterclaim Plaintiffs' expert Kevin Summers.   The Court heard oral argument on the motions (and other pretrial motions) on March 12, 2013.

  The three contracts underlying all the claims and counterclaims in this lawsuit each contain an express mutual waiver of, among other things, a jury trial, punitive damages, and lost profits, in the event of a dispute.   In two of the contracts, these waivers are repeated in bold capital letters above the signature block.   Each contract also provides that interpretation of the contract is to be governed by Massachusetts law.   Under

Massachusetts law, the interpretation of an unambiguous contract term is a question of law for the court, as is the initial determination of whether an ambiguity exists. *Specialty Retailers, Inc. v. Main Street NA Parkade, LLC*, 804 F. Supp. 2d 68 (D. Mass. 2011).

Massachusetts courts recognize that parties to a contract can waive the fundamental right to a jury trial, and that such contractual agreements are not unconscionable or against public policy. *See Chase Commercial Corp. v. Owen*, 588 N.E.2d 705, 709 (Mass. App. Ct. 1992). Courts consider various factors in determining the validity of a jury trial waiver, including the conspicuousness of the provision in the contract; the relative bargaining power of the parties; and whether the waiving party's counsel had an opportunity to review the agreement. *See Neuro-Rehab Assocs. v. Amresco Commercial Fin., LLC*, No. CIVA 05-12338-GAO, 2006 WL 1704258 (D. Mass. June 19, 2006).

Here, a review of the parties' submissions and arguments convinces the Court that Plaintiffs / Counterclaim Defendants have met their burden of establishing that the jury waiver in each of the contracts at issue is enforceable and applicable to this case. The language of the waiver clauses is unambiguous, the clauses are clearly readable, Defendants / Counterclaim Plaintiffs are experienced businesspeople, and there has been no allegation of any exploitation in entering into the three contracts. At oral argument, Defendants / Counterclaim Plaintiffs did not dispute Plaintiffs / Counterclaim Defendants' assertion that Defendants / Counterclaim Plaintiff's had the assistance of an attorney in their contractual dealings with Plaintiffs / Counterclaim Defendants. *See Chase Commercial Corp.*, 588 N.E. 2d at 708 (enforcing contractual jury waiver in form loan agreement, where print of waiver was "relatively small but legible"); *Cummings Props.,*

*LLC v. Promethean Surgical Devices, LLC*, No. 08–11327–GAO, 2010 WL 3122834, at *1 (D. Mass. Aug. 9, 2010) (granting motion to strike demand for jury trial where contractual waiver of right to a jury in a form lease agreement was unambiguous); *Smyly v. Hyundai Motor Am.*, 762 F. Supp. 428, 430 (D. Mass. 1991) (same as to waiver in standard automobile dealership agreement).

The Court believes that the highest court of Massachusetts would reach the same conclusion, as have other courts, with respect to the waiver of punitive damages and lost profits, which are not fundamental rights as is the right to a jury trial. *See, e.g., Keating v. Baskin-Robbins USA Co.*, No. 5:99-CV-148 BR(3), 2001 WL 407017, at *15, (E.D.N.C. March 27, 2001) (holding that an award of punitive damages "would not be appropriate" under the terms of a franchise agreement because the parties waived any rights to such damages in the agreement); *Dollar Rent A Car Sys., Inc. v. P.R.P. Enters., Inc.*, 242 F. App'x 584, 588 (10th Cir. 2007) (affirming the district court's decision that a franchisees' contractual waiver of the right to recover lost profits or consequential damages precluded such damages).[1]  That is especially true where, as here, the clauses are in commercial contracts and are equally binding on both parties.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs / Counterclaim Defendants' motion to

---

[1] The Court would reach the same results under Missouri law regarding the enforceability of the waivers of a jury, punitive damages, and lost profits.  *See Purcell Tire & Rubber Co. v. Exec. Beechcraft, Inc.*, 59 S.W.3d 505, 510 (Mo. 2001) (enforcing contractual waiver of consequential damages); *Malan Realty Investors, Inc. v. Harris*, 953 S.W.2d 624, 626-27 (Mo. 1997) (same as to jury waiver).

strike Defendants/ Counterclaim Plaintiffs' jury demand and request for punitive damages is **GRANTED**. (Doc. No. 94.)

**IT IS FURTHER ORDERED** that Plaintiffs / Counterclaim Defendants' motion to strike Defendant's/Counterclaim Plaintiffs' expert Kevin Summers is **GRANTED** with respect to lost profits, and **DENIED** in all other respects, with the proviso that should Plaintiffs / Counterclaim Defendants wish to take a reasonable, supplemental deposition of Mr. Summers, they may do so, and the cost of such deposition shall be borne by Defendants / Counterclaim Plaintiffs. (Doc. No. 101.)

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of March, 2013.